WHITE SEWING MACHINE COMPANY *v.* LOGAN.

Opinion delivered January 11, 1902.

CONTRACT—CONSTRUCTION.—Where a sewing machine company agreed to give its agent a machine as a premium if he sold twelve machines during the year, he was not entitled, on selling eleven machines, to retain the twelfth machine as a premium.

Appeal from Craighead Circuit Court.

FELIX G. TAYLOR, Judge.

Reversed.

*Ed. L. Westbrook,* for appellant.

It was error to allow evidence of a subsequent oral agreement between appellee and a soliciting agent of appellant.  As to what evidence is competent to modify written agreement, see 1 Gr. Ev.,

§ 283. A parol contract cannot be introduced to vary or contradict the terms of a written contract. 16 Ark. 511; 29 Ark. 544; 30 Ark. 189; Benj. Sales, § 621; 1 Rice, Ev. 286-7.

BATTLE, J. Appellant sued appellee for a balance due on a written contract by which it undertook to furnish and sell to appellee sewing machines at specified prices, which he agreed to pay. Appellee admitted the contract, and alleged that he had paid all that he was owing upon it, but that an oral agreement had been substituted for it, by which appellant agreed to give him a machine as a premium if he sold twelve for it (the company) in the year 1898; that he sold eleven, and was entitled to one as a premium; and that he had accounted and paid for the eleven.

On the trial he testified that the allegations made by him as to the substituted contract was true; that appellant furnished him with twelve machines, and he sold eleven, and accounted and paid for the same, and retained one as a premium. The value of this machine was twenty dollars. Another witness testified that appellant agreed to give him a sewing machine if he sold twenty-five in the year 1898, and nothing as a premium if he did not.

The jury returned a verdict in favor of the appellee, and judgment was rendered accordingly.

We think, accepting the statement of either witness as to the terms of the contract to be true, that appellee sold only eleven machines in the year 1898, and is not entitled to the premium offered, and is indebted to the appellant for the value of the machine retained, which is twenty dollars.

The judgment of the circuit court is therefore reversed, and the cause is remanded for a new trial.

HUGHES and RIDDICK, JJ., absent.